**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 11 2014, 10:22 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DEBORAH MARKISOHN**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHRISTINA D. PACE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| D.B., | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1406-JV-376 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT, JUVENILE DIVISION
The Honorable Marilyn Moores, Judge
The Honorable Geoffrey Gaither, Magistrate
Cause No. 49D09-1403-JD-524

**December 11, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

D.B. challenges the court's order committing him to the Department of Correction ("DOC") for delinquent act that, if committed by an adult, would be Class B felony burglary in violation of Ind. Code § 35-43-2-1 and Class D felony theft in violation of Ind. Code § 35-43-4-2. D.B. also challenges the sufficiency of evidence supporting a restitution order. We affirm.

## FACTS AND PROCEDURAL HISTORY

On August 1, 2013, when D.B. was sixteen years old, he entered Jason Seaver's home and stole a MacBook, an iPad, an iPhone, an iPod, and some cash. Seaver and his family were sleeping in the house at the time. Seaver heard the disturbance and found D.B. in front of his children's bedroom door. D.B. ran and was not arrested for this act.

On August 23, 2013, D.B. committed another burglary. This matter was disposed of on December 5, 2013, without the court having knowledge of the August 1 burglary. D.B. was ordered to complete probation with a suspended commitment to the DOC, complete one hundred hours of "Restitution Work Program," complete substance abuse evaluation and counseling, submit to drug testing, abide by a curfew, complete the Restoring Excellence Program, pay $500.00 restitution, attend school, and have no contact with the victims or their property. (App. at 142-43.)

On March 7, 2014, the State filed a delinquency petition for the August 1, 2013 burglary. D.B. and the State filed an admission agreement on April 10, 2014, and the court held a disposition hearing on May 1, 2014. The court committed D.B. to the DOC for a recommended term of six months and ordered him to pay $1000.00 in restitution.

2

**DISCUSSION AND DECISION**

1.    Placement in DOC

> The choice of a specific disposition of a juvenile adjudicated a delinquent child is within the sound discretion of the juvenile court, subject to the statutory considerations of the welfare of the child, the community's safety, and the Indiana Code's policy of favoring the least harsh disposition. We will not reverse a juvenile disposition absent a showing of an abuse of discretion. An abuse of discretion occurs when the [juvenile] court's action is clearly erroneous and against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.

*D.S. v. State*, 829 N.E.2d 1081, 1084 (Ind. Ct. App. 2005) (internal citations omitted). *See also* Ind. Code § 31-37-18-6 (listing factors the court must consider in entering a dispositional decree).

Since 2008, D.B. has had nine referrals and five true findings:  once for burglary, twice for theft, and twice for criminal mischief.  He has been afforded rehabilitation services including psychological evaluation, substance abuse services, counseling services, prior Child in Need of Services services, and prior probation services.  (*Id.* at 62.)  Since his detention in March, 2014, D.B. has had three "incidents" reported.  (*Id.*)  His psychological evaluation stated he would likely get little benefit from primary residential services and "a delinquency-based residential care setting would will [sic] not likely have much impact on his future delinquency risk status."  (*Id.*)

D.B. asserts the court abused its discretion in ordering him to the DOC.  D.B. argues that his case is not like *D.S. v. State*, wherein we affirmed a juvenile court placement of a juvenile in the DOC for committing an additional crime while on probation.  *D.S.,* 829

3

N.E.2d at 1083. D.B. notes that, in contrast, his August 1, 2013, actions were prior to the actions for which he was placed on probation in December of 2013. While that may be true, like D.S., D.B. "has a prior history of delinquent activity and true findings; . . . previous dispositional alternatives had been exercised . . . and . . . [he] was in need of care, treatment, rehabilitation, or placement." *Id.* at 1085.

D.B. also argues that, although the current crime for which he is being committed to the DOC was not known to the court when the court placed him on probation in December, if probation was sufficient in December, then it should be sufficient for a crime committed earlier. Regardless of the order in which delinquent acts come to light, it remains the court's obligation to consider the welfare of the child and the community at the time of disposition. *See* Ind. Code § 31-37-18-6 (listing factors the court must consider in entering a dispositional decree). Upon the court becoming aware of all the delinquent acts committed by D.B., regardless of the timing, these considerations become key, and it was not an abuse of discretion for the court to commit D.B. to the DOC. *See J.B. v. State*, 849 N.E.2d 714, 717-18 (Ind. Ct. App. 2006) (court did not abuse its discretion when taking the safety of the community into account when committing J.B. to DOC).

2.     Restitution

Pursuant to Indiana Code section 31-37-19-5(b)(4), a juvenile court may order a child to pay restitution if the victim provides reasonable evidence of loss, which evidence the child may challenge at the dispositional hearing.

> The restitution order is within the court's discretion, and this court will reverse only upon a showing of an abuse of discretion. An abuse of discretion occurs

when the trial court's determination is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.

*J.H. v. State*, 950 N.E.2d 731, 734 (Ind. Ct. App. 2011) (internal citations omitted). Evidence supporting a restitution order is sufficient "if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture." *T.C. v. State,* 839 N.E.2d 1222, 1227 (Ind. Ct. App. 2005) (quoting *State v. Kinneman,* 155 Wash.2d 272, 119 P.3d 350, 357 (2005)).

D.B. asserts the order he pay $1000 in restitution was error because there was no evidence of loss to Seaver. However, Seaver testified his insurance company "replace[d] items less the deductible of $1000." (Tr. at 86.) The State offered into evidence a declarations page from Seaver's insurance company showing that deductible. (Ex. at 2.) That evidence permitted the court's finding Seaver's loss was at least $1000. D.B.'s argument is an invitation for us to reweigh the evidence, which we cannot do. *See In re Ma.J.*, 972 N.E.2d 394, 400 (Ind. Ct. App. 2012) (court neither reweighs evidence nor judges witness credibility).

The court did not abuse its discretion by placing D.B. in the DOC. The State also presented sufficient evidence D.B. owed restitution in the amount of $1000.00. Accordingly, we affirm.

Affirmed.

BARNES, J., and PYLE, J., concur.